IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Roderick Jerome English, | ) | C/A No. 1:12-511-JFA-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| South Carolina Department of Corrections Mental Health; and William R. Byars, Jr., as Agency Director of the South Carolina Department of Corrections, | ) | |
| Defendants. | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at McCormick Correctional Institution and brings this action against William R. Byars, Jr., and the mental health department of the South Carolina Department of Corrections ("SCDC") alleging violations of 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.  Factual and Procedural Background

Plaintiff alleges that he has a history of mental illness and that his illness is not being treated by medical personnel at SCDC. [Entry #1 at 3]. He alleges that upon his arrival at SCDC in the Kirkland R & E Center, he informed the doctor to check his

medical records about his medication, but the doctor advised Plaintiff that there was no mental health history in the medical record. *Id.* Plaintiff alleges that, presumably prior to incarceration at SCDC, Dr. Pacata at Bryons Mental Health Hospital in Columbia, South Carolina, prescribed medication to him. *Id.* He alleges that presently he has not had his medication for fourteen years, and his mental condition has worsened. *Id.* Plaintiff alleges that because of his mental distress and the actions he takes while unmedicated, he has been assaulted by officers and inmates within SCDC. *Id.* He alleges that he has informed SCDC counselors, including Ms. Tabbs and Ms. Gray, numerous times of his need for medication, but they do nothing. *Id.*

Plaintiff alleges he is suing SCDC "Mental Health" for damages. *Id.* at 5. Further, he seeks mental health treatment and x-rays for his ribs and the left side of his head. *Id.* Plaintiff alleges he filed a prison grievance concerning his claims on February 8, 2012. *Id.* at 2. The complaint in this case was likewise signed by him on February 8, 2012. *Id.* at 5.

II. Discussion

A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious.

2

28 U.S.C. § 1915(e)(2)(B)(I), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S.Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or

laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff indicated several times in the complaint, and in his proposed service documents, that he intends to sue the mental health department of SCDC, but this defendant is not a person amenable to suit under § 1983. The mental health department is a facility or building that is not subject to suit under § 1983. *See Nelson v. Lexington Cnty. Det. Ctr.*, No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that a detention center—a building—is not amenable to suit under § 1983). Additionally, this defendant may include a group of people employed in the medical department. However, groups of people are not amenable to suit under § 1983.[1] *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *Nelson*, 2011 WL 2066551, at *1 (finding that food service supervisors was a group of people not subject to suit); *Dalton v. South Carolina Dep't of Corr.*, No. 8:09-260-CMC-BHH, 2009 WL 823931, at *2 (D.S.C. March 26, 2009) (dismissing the medical staff of SCDC and prison health services as defendants because they were not persons). Therefore, Plaintiff failed to state

---

[1] This court recognizes that Plaintiff mentions two individuals by name in the complaint—Ms. Tabbs and Ms. Gray. However, even liberally construed, a complete review of the complaint and the proposed service documents indicates that he is only suing the mental health department of SCDC. *Cf. Brown v. North Carolina Dep't of Corr.*, 612 F.3d 720, 723–24 (4th Cir. 2010) (where Officer Simms was named as a defendant, the references in the complaint to "staff members" who were deliberately indifferent to plaintiff reasonably included Simms).

a claim on which relief may be granted as to the defendant mental health department of SCDC.

Further, the defendant SCDC is a state agency of South Carolina, and thus it may not be sued in this court for damages. The Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the state or its integral parts. *See Alden v. Maine*, 527 U.S. 706, 713 (1999) (immunity "is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today . . . except as altered by the plan of the Convention or certain constitutional Amendments"); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 76 (1996) (Eleventh Amendment prohibits Congress from making the State of Florida capable of being sued in federal court); *Blatchford v. Native Village of Noatak and Circle Village*, 501 U.S. 775, 786 (1991) (Congressional power to abrogate Eleventh Amendment immunity can only by exercised by clear legislative intent).

Although the language of the Eleventh Amendment does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in *Hans v. Louisiana*, 134 U.S. 1 (1889), held that the purposes of the Eleventh Amendment, *i.e.*, protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. Thus, the Eleventh Amendment bars such suits unless the State consents to suit[2] or Congress exercises its power under § 5 of the Fourteenth Amendment to

---

[2] The State of South Carolina has not consented to suit in a federal court. *See* S. C. Code Ann. § 15-78-20(e)(1976) which expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South

5

override that immunity. Congress did not add language to 42 U.S.C. § 1983 indicating that it overrides the Eleventh Amendment. Therefore, the State of South Carolina and its agency SCDC are immune from suit in this court pursuant to the Eleventh Amendment. *See Quern v. Jordan*, 440 U.S. 332, 343 (1979).

The defendant William R. Byars, Jr., is a person amenable to suit under § 1983, but Plaintiff failed to allege any personal involvement by him or that he had any knowledge of Plaintiff's situation. He is the director of SCDC, and Plaintiff apparently sues him because he is the supervisor or manager of other SCDC officials who allegedly committed misconduct. However, the doctrines of vicarious liability and respondeat superior are not applicable in § 1983 actions. *See Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011) (a local government cannot be vicariously liable for its employees' actions); *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability."). Therefore, because liability cannot be imposed on defendant Byars on the basis of actions taken by other SCDC officials, he should be dismissed.

Additionally, the complaint should be dismissed without prejudice because Plaintiff failed to exhaust available prison administrative remedies prior to filing this lawsuit. The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

---

Carolina, and does not consent to suit in a federal court or in a court of another State.

facility until such administrative remedies as are available are exhausted." The United States Supreme Court held that, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *see also Booth v. Churner*, 532 U.S. 731, 733 (2001) (PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action). Although the lack of exhaustion of administrative remedies is considered an affirmative defense and not a jurisdictional infirmity nor a pleading requirement, if the lack of exhaustion is clearly apparent from the face of the prisoner's complaint *sua sponte* dismissal prior to service of the complaint may be appropriate. *See Jones v. Bock*, 549 U.S. 199, 216 (2007) (finding that inmates are not required to specially plead or demonstrate exhaustion in their complaints); *Moore v. Bennette*, 517 F.3d 717, 725–26 (4th Cir. 2008) (noting that in rare cases a court may be able to determine from the face of a complaint that a prisoner has not exhausted administrative remedies and is without a valid excuse).

Here, Plaintiff has not waited for prison officials to respond to his grievance. He alleges he filed a grievance on February 8, 2012, and on the same day prepared and signed the instant complaint. Thus, Plaintiff did not give the prison administrators a chance to resolve the matter. The Supreme Court held that the PLRA "seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before

allowing the initiation of a federal case.'" *Woodford v. Ngo*, 548 U.S. 81, 93–94 (2006). Accordingly, this case is a rare circumstance where based on the face of the complaint the action should be summarily dismissed without prejudice for failure to exhaust administrative remedies.

III.  Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

June 28, 2012  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).